[642 NYS2d 711]

In the Matter of RITA K. GILBERT, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 20, 1996

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Gloria A. Bunze* of counsel), for petitioner.

*Tenzer, Greenblatt, L. L. P.,* New York City *(Angelo T. Cometa* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with eight allegations of professional misconduct. The Special Referee sustained only Charges Two, Three, Four, Five, Six, and Seven. The petitioner has moved to confirm in part and disaffirm in part the report of the Special Referee. The respondent has cross-moved for the same relief.

Charges Three and Four together allege that the respondent violated Code of Professional Responsibility DR 1-102 (A) (4), (5) and (8) (22 NYCRR 1200.3 [a] [4], [5], [8]) when she attempted to disguise the true ownership of a client's assets and attempted to secrete these same assets from creditors. On January 5, 1990, the respondent opened an account at Amro Bank in Sluis, Holland, wherein she deposited $500,000 of her client's money, given to her by her client's wife. The respondent's client and the client's wife were the beneficial owners and the respondent was the sole signatory. At the time the respondent opened the account at Amro Bank and deposited the funds therein, she knew or should have known that the funds belonged to her client, rather than to her client's wife, that her client was in financial difficulty, and that the deposit into the bank in Holland was fraudulent within the meaning of the United States Bankruptcy Code and the New York State Debtor and Creditor Law. As such, the respondent's actions violated the Code of Professional Responsibility.

No later than March 27, 1990, the respondent learned that her client had filed a bankruptcy petition. On that same day, the respondent sent a check to Amro Bank to complete the incorporation of an off-shore corporation. The respondent was listed as the off-shore corporation's sole officer and director, and the sole signatory on its bearer shares. When the respondent caused the incorporation of the off-shore corporation to be completed, she knew that her client had filed a bankruptcy petition. Thus, she knew or should have known that transferring ownership of the Amro Bank funds to the off-shore corporation was a fraudulent transfer within the meaning of the United States Bankruptcy Code and the New York State Debtor and Creditor Law.

Charge Five alleged that the respondent violated Code of Professional Responsibility DR 1-102 (A) (4), (5) and (8) (22 NYCRR 1200.3 [a] [4], [5], [8]) by giving false testimony under oath in connection with her client's bankruptcy proceeding.

Charge Six alleged that the respondent violated Code of Professional Responsibility DR 1-102 (A) (4), (5) and (8) (22

NYCRR 1200.3 [a] [4], [5], [8]) by giving false testimony under oath in connection with the investigation of the Grievance Committee for the Ninth Judicial District into allegations of professional misconduct.

Charge Seven alleged that the respondent violated Code of Professional Responsibility DR 1-102 (A) (4), (5) and (8) (22 NYCRR 1200.3 [a] [4], [5], [8]) by giving conflicting and false testimony under oath at two separate depositions.

The Special Referee was correct in sustaining Charges Three through Seven. He erred, however, when he sustained Charge Two. Accordingly, the petitioner's motion to confirm in part and to disaffirm in part the report of the Special Referee is granted to the extent that it seeks to confirm the Special Referee's finding as to Charges Three through Seven, and is otherwise denied. The respondent's cross motion is granted to the extent that it seeks to confirm the Special Referee's findings as to Charges One and Eight and to disaffirm the Special Referee's findings as to Charge Two and is otherwise denied.

In determining an appropriate measure of discipline to impose, we have considered the respondent's actions against the evidence of her previously unblemished record, the impressive litany of the respondent's *pro bono* and charitable activities, and the character testimony offered at her disciplinary proceedings. Therefore, while we condemn the respondent's actions, we have concluded, after close analysis, that the respondent's conduct was aberrational. As such, it is the decision of this Court that the respondent be publicly censured for her misconduct.

MANGANO, P. J., ROSENBLATT, O'BRIEN, RITTER and THOMPSON, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted to the extent that it seeks to confirm the Special Referee's findings as to Charges Three through Seven and is otherwise denied; and it is further,

Ordered that the respondent's cross motion to confirm in part and disaffirm in part is granted to the extent that it seeks to confirm the Special Referee's findings as to Charges One and Eight and to disaffirm the Special Referee's findings as to Charge Two and is otherwise denied; and it is further,

Ordered that the respondent Rita K. Gilbert is censured.